LEGGETT et al., Respondents, v. MOORE et al., Appellants.

(154 N. W. 804.)

(File No. 3834.   Opinion filed November 16, 1915.)

1.  **Specific Performance—Sale of Land—Fraud of Vendors as Defense—Agency—Agent as Representative of Vendees, Effect.**

    Plaintiffs, owners of land, listed it for sale with a firm of brokers of which one of the defendant subsequent vendees of the land was a member, and afterwards, through written contract executed by plaintiffs but drawn by said member, sold the land to defendants, $500 to be paid at time of making of contract, the balance, above a certain mortgage, to be paid at a stated later date, on failure to pay which balance when due plaintiffs might, at their option, declare the contract forfeited and terminated; the party who drew the contract having represented to his co-vendees that he could obtain an option contract for the land under which they could pay $500, with option on their part to make no further payments and allow the contract to terminate without further liability on their part, and that the contract executed by plaintiffs was such option contract. Relying upon such representations, the co-defendants signed said contract of sale without reading it. The defendant who drew the contract entered into same as a joint purchaser with his co-vendees (appellants), under an agreement to share

the profits derivable from the adventure; of which fact, and of said representations plaintiffs had no knowledge. Said brokers had no authority to make an option contract on behalf of plaintiffs, or to arrange terms of sale; but plaintiffs had agreed to pay them a commission for finding a purchaser of the land. Defendants paid the $500, but made no further payments, and refused to accept deed for the land. Held, in a suit for specific performance, that the defense of fraud on the part of plaintiffs, committed through said representations, was not maintainable, that said representations constituted no fraud by plaintiffs; that if defendant-appellants were misled thereby, it was not by plaintiffs but by their co-purchaser, who, at the time, had ceased to be agent for plaintiffs, but stood, together with his joint adventurers, in a position adverse to plaintiffs, and could not bind them thereby; and that appellants should have read the contract.

2. **Pleadings—Facts Plead as Defense—Failure to Make Proof Under, Effect as to Immateriality.**

Where, in a suit for specific performance, defendants-appellants contended that, because of certain facts found by trial court, and because of other facts claimed to have been established by evidence but not found on trial, of all of which facts appellants were ignorant, they were not bound by the contract of sale; they having plead that they would not have entered into the contract if they had known said facts; held, that, no evidence having been offered under said pleading, appellants' contention is immaterial.

3. **Appeal—Error—Evidence—Conversation With Agent in Absence of Principal—Harmless Error.**

Plaintiffs authorized a firm of brokers to procure a purchaser of their land, reserving to themselves the power to make the contract. A member of the broker firm with others, contracted with plaintiffs to purchase the land. Held, that evidence of a conversation between plaintiffs and said member of the broker firm, not in presence of the co-defendants, was admissible, but even if it had been inadmissible, it was not prejudicial; said member's relations to appellants being regarded, under the evidence at large, as those of their agent.

4. **Specific Performance—Marketable Title—Admissions in Answer— Failure to Object to Abstract as Evidence, Effect.**

In a suit for specific performance, where defendants' answer admitted title in fee in plaintiffs, held, that the defense of unmarketable title as shown in abstract of title, is untenable; especially in that objection was not made to admission in evidence of the abstract.

Appeal from Circuit Court, Tripp County. Hon. WILLIAM WILLIAMSON, Judge.

Action by Harry Leggett and another, against John D. Moore and others, for specific performance of a contract of sale of land. From a judgment for plaintiffs, and from an order denying a new trial, defendants Moore and Richard C. Gerenz, appeal. Affirmed.

N. D. Burch, and Mart Coffman, for Appellants.

E. O. Patterson, for Respondent.

(1) Under point one of the opinion, Respondent submitted that: Winchell was not an agent to purchase. He was a purchaser equally with Moore and Gerenz who entered into the joint adventure with him.

Respondents cited: Godfrey et al. v. Schenck et al., 81 N. W. 656.

WHITING, J. Plaintiffs sought the specific performance of a contract for the sale of certain real estate. The action was tried to the court without a jury, and the court made findings of fact, which, so far as material to the questions discussed herein, were in substance as follows: Plaintiffs were owners of the land in question. The land had been listed for sale with a firm of which the defendant Winchell was a member. Thereafter plaintiffs entered into a written contract for the sale of this land to defendants, the terms of which contract were: Defendants agreed to pay a certain amount for said land, $500 of which they were to pay at the time of the execution of the contract, and the balance, above a certain mortgage, was to be paid some nine months thereafter. Abstract of title was to be furnished; deed was to be given when the balance of the purchase price was paid; in case of a failure to pay such balance when due, plaintiffs might, at their option, declare the contract forfeited and determined. The $500 was paid, but no further sum was ever paid by the defendants or either of them. Such brokers were without authority to enter into any option contract for the sale of said land, and, in fact, were without power to enter into any contract on behalf of plaintiffs, or to arrange the terms of sale, they being empowered merely to find a purchaser that plaintiffs were willing to accept. Defendant Winchell entered into said contract as a joint purchaser with the other defendants under an agreement to share the profits that might be derived from the joint adventure. Plaintiffs had no knowledge of

the understanding and agreement existing between the defendants, or that defendant Winchell had made any statements to his co-defendants which were inconsistent with the terms of such contract. At the time plaintiffs listed this land for sale with said brokers, plaintiffs agreed to pay a commission for finding a purchaser. Abstract of title was furnished. Defendants refused to accept the deed when tendered to them, and have ever since refusd to accept the same or to pay the balance of the purchase price. There was ample evidence to support all of the above findings. Upon such findings and others favorable to plaintiffs the court entered conclusions and judgment in favor of plaintiffs. From such judgment and an order denying a new trial, the defendants Moore and Gerenz have appealed.

[1] Appellants assign the insufficiency of the evidence to sustain certain of the findings. They contend that the evidence fails to show that they entered into this contract voluntarily; that it shows they were induced to enter therein by the fraud of respondents, acting through their agent, their codefendant; and that, for this reason, the court should have denied specific performance of such contract. They further contend that the evidence shows that they had no knowledge that this land had been listed with their codefendant, or with the firm of which he was a member; that their codefendant represented to them that he could obtain an option contract under which they could pay $500, with the option on their part to make no further payments and allow the contract to terminate without further liability on their part; that their code-fendant represented to them that the contract he had procured and which he presented for their signatures was such a contract; and that, relying upon such representations, they signed the same without reading it. Granting that the evidence does establish all that appellants claim, we are unable to find therein any basis for a claim of fraud on the part of respondents. Appellants neither supposed Winchell had authority to speak for or to bind respondents, nor did he have any such authority. If appellants were misled by any one, they were misled, not by respondents, but by Winchell, and at a time when he had ceased to occupy the position of agent for respondents but stood, together with his joint adventurers, in a position adverse to respondents. Under such circumstances no representation of Winchell could bind respondents,

unless such representations were in furtherance of a scheme to which respondents were knowingly parties, a fact not even suggested by appellants. Appellants are in no better position than they would have been in provided that they had at all times been fully advised that this land had been listed with Winchell for sale. Under such circumstances, no matter what representations Winchell made as to the kind of a contract he could get, they would not be the victims of deceit, chargeable against respondents, unless they were led to enter into a different contract through the misrepresentations made by Winchell while Winchell was still the actual or ostensible agent of respondents. It was appellants' duty to read the contract before signing it. They attempt to excuse themselves by showing representations as to the nature of the contract made by, not the adverse parties to such contract, nor a party who, for such purposes, could be considered an agent of such adverse parties, but by their cocontractor, who, in the preparation of such contract and in executing the same, must have been known by appellants to have been in a position adverse to respondents, and who, in the work of closing the transaction, was, if the agent of any person, the agent of appellants. It stands undisputed that the contract was prepared by Winchell, after he and appellants had agreed that they would purchase the property. It certainly must be conceded that if B., the agent of A., should, without disclosing his agency to C., be instrumental in bringing C. to A., this resulting in a sale by A. to C., such failure of B. to disclose his agency would not be a fraud on C. If, however, B. assumed a relation of trust to C. in regard to the subject-matter of B's agency, then B., not from any duty devolving upon him as the agent of A., but solely owing to his relation to C., might be bound to disclose to C. the fact that he was agent for A.; but any failure to make such disclosure would be no more chargeable to A. than it would be in the first case above mentioned; the fraud, if any, would be that of B. only, and could not be imputed to A.

[2] Appellants assert that the evidence shows, not only that this land was listed with the brokers under a contract under which they were entitled to a commission if a buyer was found, a fact found by the trial court, but also shows that after this contract was entered into respondents agreed to pay the brokers such commission, a fact not found by the trial court. Basing their con-

tention upon the above assertion, appellants contend that, owing to their ignorance of the above facts, they are not bound by their contract. Appellants pleaded that they would not have entered into this contract if they had known of the above facts, but they have failed to so testify, and it therefore becomes immaterial at this time.

[3] Appellants complain because the court admitted evidence of a conversation between one of the plaintiffs and Winchell, which conversation was not in the presence of these appellants. Evidence as to such conversation was clearly admissible, but, if it had not been, it is clear that appellants could not have been prejudiced thereby under our view of Winchell's relation to these parties.

[4] Appellants further contend that the abstract of title did not show a marketable title. Appellants' answer admits that respondents held the fee title to this land. Moreover, appellants never objected to the abstract, as they should have done if they believed it did not show a good title.

The judgment and order appealed from are affirmed.